FINLAY, PLAINTIFF AND APPELLEE, *v.* FABIÁN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in a Proceeding for the Approval of a Memorandum of Costs in an Action for Divorce.

No. 1606.—Decided March 27, 1917.

COSTS—STENOGRAPHER'S FEES—STENOGRAPHIC · RECORD.—When the party opposing a memorandum of costs does not deny an item for fees paid to the official stenographer for a copy of the stenographic record, there is no ground for considering whether such copy was necessary for the prevailing party; for inasmuch as the law provides that it forms part of the costs, it cannot be stricken from the memorandum if it were really obtained from the stenographer.

ID.—ID.—PRESUMPTION.—The party claiming reimbursement for fees paid to an official stenographer is not required to prove that the amount disbursed represents the true value of the copy furnished; for the presumption is that the stenographer collected what was lawfully due him—namely, ten cents for each folio of one hundred words—unless the contrary be shown by the opposing party.

ID.—TRAVELING EXPENSES.—As to whether the defeated party should pay the expenses incurred in traveling to another district depends upon whether or not the travel was necessary for the purposes of the action; but when the judge refuses to approve the same on the ground that the travel was unnecessary and nothing appears to the contrary in the proceedings on appeal, and the evidence produced at the trial, which the judge might have considered in deciding the matter, fails to show that it was necessary, his decision should be affirmed.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

*Messrs. Enrique González Mena* and *Juan B. Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of San Juan, Section 1, having rendered

judgment against Josefina Finlay in an action for divorce brought by her against her husband, Rafael Fabián, and imposed upon her the payment of the disbursements and fees of the adverse party, the attorney for Fabián filed a memorandum of the disbursements and costs of the action, including, among others, an item of seven dollars for traveling expenses and another of one hundred dollars as the amount paid the stenographer for the record of the proceeding for the custody of the daughter of the litigants. In the verification of the memorandum the attorney for Fabián stated that the items were correct and that the disbursements were necessary for the purposes of the action.

The memorandum having been objected to on the ground that Fabián's trip to Humacao and the copy of the stenographic record were not necessary for the purposes of the action, the court entered an order refusing to allow the said items on that ground, and from that order Fabián took the present appeal.

The appellant contends that as to the item of one hundred dollars for the stenographic record of the proceeding for the custody of the daughter of the litigants, the lower court had no authority to determine whether the same was or was not necessary in the action because the law provides that the charge therefor is considered as part of the costs which should be paid by the defeated party, and, therefore, that the order should be reversed as regards that item.

The appellant is right. Section 3 of the Act of March 10, 1904, creating the position of official stenographer for the district courts, provides that stenographers shall report correctly all oral proceedings had in said courts and the testimony taken in all cases tried before the same, unless the parties, with the consent of the judge, waive the services of the stenographer; and section 5 makes it the duty of the said employee to furnish typewritten copies of his stenographic notes to the parties to the suit requesting them, for which he is entitled to collect a certain sum to be taxed as costs in

the case against the party finally defeated in the action. As the party objecting to the item did not deny its existence, the question of whether or not the copy charged for was needed by the prevailing party is immaterial; for, as the act provides that the item shall be included in the costs, it cannot be stricken from the memorandum if the copy was actually obtained from the stenographer, a fact which is not denied, and for that reason we are of the opinion that the court could not refuse to allow it on the ground that it was not necessary. Nor did the party claiming the amount have to show that the charge of one hundred dollars was the real value of the copy, as contended by the appellee, for as we said on the twenty-third instant in deciding another appeal between the same parties, citing *Torres* v. *Irizarry* and *Succession of Collado* v. *Pérez,* 19 P. R. R. 341 and 348, a memorandum of costs has in its favor the guaranty of the oath which accompanies it and the presumption that it is a true statement of the facts, the stenographer being presumed to have collected what he was justly entitled to, or ten cents per one hundred words, unless the contrary be shown, the burden of proof being on the plaintiff-appellee in the present case.

The other item of seven dollars for traveling expenses to Humacao does not come under the same category, and the obligation of the defeated party to pay this disbursement depends upon whether it was necessary for the purposes of the suit. It is not shown whether any evidence was examined regarding the necessity for that trip, although it would appear that there was none, inasmuch as while the appellee maintains that Fabián introduced no evidence regarding the necessity for the trip and that therefore the order appealed from should be affirmed as to that point, the appellant contends that as the memorandum of costs and disbursements was presented with the oath required by law, the adverse party must produce evidence to show that the party claiming its payment had no need of it for the purposes of his defense.

In the case of *Torres* v. *Irizarry, supra,* we said that our statute does not provide imperatively that the party entitled to recover costs, disbursements and attorney fees is always bound to introduce evidence upon each and all of the items when there is objection thereto; that such evidence will be found ordinarily in the trial of the case in which the costs originated; that the court will have it in view and pass upon it in deciding the question of costs, and that very often it will not be necessary to repeat it.

In the present case the court did not allow the said item because it considered that the trip to Humacao was not necessary; and as there is no showing here to the contrary or that from the evidence which the court could take into account in its ruling it did not appear that the trip was necessary for Fabián's defense, we cannot disturb the court's ruling and its order should be affirmed as to the said item.

The order should be reversed only as to the item of one hundred dollars.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.